CLARK, J.,
dissenting.
I respectfully dissent. This case presents a simple question of whether the trial court abused its discretion in excluding the testimony of an expert witness.
In my opinion, reasonable people could differ as to the probative value and the trial court’s ruling on the admissibility of the expert’s opinion. Under Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980), abuse of discretion is defined as judicial action which is “arbitrary, fanciful or unreasonable, or where no reasonable men would take the view adopted by the trial court.” If reasonable people could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there should be no finding of an abuse of discretion. Cana-karis.
Absent an abuse of discretion, this court should not overturn the trial court’s ruling. It is not the appellate court’s duty to reweigh the trial judge’s decision to exclude the expert testimony or to opine on matters not contained in the record. The majority opinion does both.
I would affirm.